UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAMID REZA ARDANEH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH OF ) <br> MASSACHUSETTS, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 23-0090 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. Having considered the complaint and its exhibits, the Court construes plaintiff's submission as a challenge to the legality of his current custody in Massachusetts and, presumably, a demand for release from custody. Thus, the Court treats the civil complaint as if it were a petition for a writ of habeas corpus.

A federal court may issue a writ of habeas corpus if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), whom plaintiff has not named as a party defendant. And this "district court may not entertain a habeas petition involving present physical custody unless the respondent

1

custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and plaintiff is in custody in Massachusetts.  If habeas relief is available to plaintiff, he "should name his [custodian] as respondent and file the petition in the district of [his] confinement." *Evans v. U.S. Marshals Serv.*, 177 F. Supp. 3d 177, 182 (D.D.C. 2016) (quoting *Padilla*, 542 U.S. at 447); *see Ardaneh v. United States Gov't*, 848 F. App'x 7, 8 (D.C. Cir. 2021) (affirming district court's remand in part to Massachusetts court and dismissal in part "to the extent appellant seeks release from confinement [because] the district . . . lacked jurisdiction over appellant's custodian").[1]

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss his complaint without prejudice.  A separate order accompanies this Memorandum Opinion.

DATE: May 19, 2023                                  /s/
                                                    CHRISTOPHER R. COOPER
                                                    United States District Judge

---

[1] The Court notes that plaintiff filed a substantially similar civil complaint in the United States District Court for the District of Massachusetts, which was dismissed without prejudice under the *Younger* abstention doctrine.  *See Ardaneh v. Commonwealth of Massachusetts*, No. 23-cv-10148-RGS, 2023 WL 1929784 (D. Mass. Feb. 10, 2023), *appeal docketed*, No. 23-1218 (1st Cir. Mar. 10, 2023).  Further, the Court notes that plaintiff's prior habeas action, too, was dismissed without prejudice on abstention grounds.  *See Ardaneh v. Calis*, No. 17-cv-12171 (D. Mass. Dec. 29, 2017).